# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

No. 24-10290

United States of America,

*Plaintiff—Appellee*,

*versus*

Ijeoma Okoro,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-435-4

_____

Before Higginson, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Following a nine-day jury trial, Ijeoma Okoro was convicted of conspiracy to commit wire fraud and conspiracy to launder monetary instruments. Okoro's convictions stemmed from her participation in "multi-million-dollar wire fraud schemes in the Dallas area, as well as the laundering of the proceeds derived from the[] illegal activities; specifically, [online] romance scams."

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10290

At sentencing, the district court determined that Okoro had a total offense level of 31 after applying a two-level enhancement for obstruction of justice based on perjury under U.S.S.G. § 3C1.1.  The district court sentenced Okoro "in the middle of the range" to two concurrent 120-month prison sentences, to be followed by two concurrent 3-year terms of supervised release.  The district court also ordered Okoro to pay $2,256,861.11 in restitution.

On appeal, Okoro challenges the district court's application of the two-level enhancement.  Okoro contends that the district court erred in applying the enhancement without a specific finding that she willfully presented false, material testimony at trial.  *See United States v. Dunnigan*, 507 U.S. 87, 94–95 (1993).  In the alternative, Okoro argues that the district court impermissibly applied the enhancement based solely on the jury's guilty verdict.  *See United States v. Perez-Solis*, 709 F.3d 453, 469–70 (5th Cir. 2013).

We conclude that the district court did not err in applying the obstruction enhancement.[1]  Okoro testified that she was unaware of—and did not participate in—the online romance fraud scheme, and that any evidence of her guilt was attributable to the actions of her former boyfriend and coconspirator, David Animashaun.  However, the district court explicitly rebutted her exculpatory testimony, noting that, "to say that this is an aberration caused by a boyfriend just is not supported by the record."  And in agreement with the jury that Okoro's testimony was not believable, the district court stated that it was "very comfortable that [Okoro] committed perjury in the course of the trial."  The materiality of Okoro's statements is

_____

[1] The parties dispute whether Okoro adequately preserved her objections in the district court.  We need not resolve that issue because the enhancement was proper under any standard of review.

obvious, and her exculpatory testimony was not the product of confusion, mistake, or faulty memory. *See Perez-Solis*, 709 F.3d at 469–70.

Okoro's argument that the district court impermissibly applied the enhancement based solely on the jury's guilty verdict also fails. While the district court noted the jury's verdict, it confirmed its own independent rejection of Okoro's assertions that her alleged involvement in the romance fraud scheme was aberrational and attributable to Animashaun. The district court even referenced a separate instance of fraudulent activity by Okoro after her relationship with Animashaun ended—for which Okoro gave another innocent explanation that was likewise refuted by other evidence presented at trial. Thus, the record does not support Okoro's contention that the district court imposed the U.S.S.G. § 3C1.1 obstruction enhancement based on the jury's verdict and nothing more.

In sum, the district court's determination that Okoro committed perjury is supported by the trial record, *see Dunnigan*, 507 U.S. at 94–96, and it is sufficient for application of the U.S.S.G. § 3C1.1 enhancement, *see United States v. Gonzalez*, 163 F.3d 255, 262–63 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.